**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| STEVEN SPIGNER, | : | MOTION TO VACATE |
| BOP # 59490-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:07-CR-355-RWS-JKL-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:18-CV-136-RWS-JKL |

**FINAL REPORT AND RECOMMENDATION**

Movant, Steven Spigner, confined in the Coleman Low Federal Correctional Institution in Coleman, Florida, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). [Doc. 126.] The motion to vacate is before the Court for preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Summary dismissal of a motion to vacate is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." 28 U.S.C. foll. § 2255, Rule 4(b). For the reasons given below, the undersigned recommends that the motion to vacate be dismissed as untimely.

AO 72A
(Rev.8/82)

## I. Discussion

On June 19, 2008, Movant pleaded guilty to (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846, (2) possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 2 and 924(c)(1), and (3) conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). [Docs. 1, 72.] On January 23, 2009, the District Court filed the judgment and commitment, sentencing Movant to 360 months of imprisonment followed by ten years of supervised release. [Doc. 105.]

Movant did not appeal. [Doc. 126 at 1.] In his motion to vacate, executed on January 2, 2018, Movant claims that (1) his guilty plea was involuntary, and (2) he received ineffective assistance of counsel. [*Id.* at 4-11, 14.][1]

A motion to vacate is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's convictions became final; (2) a Government impediment to making the motion to vacate was removed; (3) a right that Movant asserts was initially recognized

[1] Movant states that he filed his motion to vacate "in the nature of the ancient writ of error *coram nobis*." [Doc. 126 at 13.] However, "a writ of *coram nobis* is unavailable to federal prisoners." *United States v. Searcy*, 448 F. App'x 984, 985 (11th Cir. 2011) (per curiam).



AO 72A
(Rev.8/82)

by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant had ten business days in which to appeal his convictions after the District Court filed the judgment and commitment on January 23, 2009. *See* Fed. R. App. P. 4(b)(1)(A)(i) & 26(a) (2008). Movant did not appeal, and the ten-day period expired on February 6, 2009. Thus, Movant's convictions became final on that date, and the one-year statute of limitations in § 2255(f)(1) expired on February 6, 2010.[2] Movant executed his motion to vacate nearly eight years late, on January 2, 2018. Movant does not indicate that the circumstances set forth in § 2255(f)(2)-(4) apply to him.

"Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). Movant is not entitled to equitable tolling because he does not raise any

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).



AO 72A
(Rev.8/82)

extraordinary circumstances that occurred during the one-year period in which he could have filed a timely motion to vacate.

"Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Movant has not presented new reliable evidence demonstrating actual innocence.

Accordingly, the undersigned recommends that the motion to vacate be dismissed as untimely.

II. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.



AO 72A
(Rev.8/82)

§ 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A certificate of appealability should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

III. Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that the motion to vacate [Doc. 126] be **DISMISSED** as untimely and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the motion to vacate to the undersigned.

**IT IS SO RECOMMENDED**, this 23rd day of January, 2018.

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE